## Richmond

### Robert Casper Bisping and Jimmie Exum v. Commonwealth of Virginia

January 13, 1978.

Records Nos. 770579 and 770693.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Louis B. Fine; John R. Lomax; Ronald H. Marks (Fine, Fine, Legum & Fine: White & Marks*, on briefs), for plaintiffs in error.

*James E. Kulp, Assistant Attorney General (Anthony F. Troy, Attorney General*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the Court.

By a final order in this *scire facias* proceeding on January 28, 1977, the trial court ordered execution to issue on its judgment founded on forfeiture of two recognizances totaling $50,000 executed by Robert Casper Bisping (Bisping or principal) and Jimmie Exum (Exum or surety). These recognizances, one in the amount of $40,000 and the other for $10,000, were executed to admit Bisping to bail pending appeal of his multiple felony convictions for sexual offenses against minor children. Bisping's petition to this court for a writ of error was refused on January 2, 1976, 216 Va. 1, and *certiorari* was denied by the United States Supreme Court on June 1, 1976, 426 U.S. 907.

While on bail pending appeal, Bisping committed three additional felonious sexual offenses against minor children. When the trial court was advised that Bisping had been arrested and charged with these additional offenses, it revoked Bisping's bail, recorded default and forfeiture of the recognizances, and issued a writ of *scire facias* against the principal and surety to show cause why execution should not issue on the judgment. However, final action on the *scire facias* was deferred pending judgment on the additional criminal charges.

On January 26, 1977, Bisping appeared before the trial court and entered pleas of guilty to the offenses committed while on bail. As a result of his pleas, Bisping was convicted and sentenced to additional prison terms. After a hearing on the *scire facias* two days later, the trial court confirmed forfeiture of the recognizances and ordered that executions issue against both principal and surety.

■ Appellants first endeavor to mount a broad-gauge due process attack upon Code § 19.2-135 for vagueness, relying on the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 8 of the Virginia Constitution. Bisping alone argues that the good behavior condition in the bonds is also unconstitutionally vague.*

Code § 19.2-135 requires that certain conditions attach to and be incorporated in all recognizances executed before a judicial officer of Virginia. The appellants' attack is focused on one of those statutory conditions, i.e., that the principal "shall keep the peace and be of good behavior until the case is finally disposed of."

We will not entertain the constitutional attack on the statute under the long-established and well-settled rule that one who voluntarily proceeds under a statute and claims benefits thereby conferred will not be heard to question its constitutionality in order to avoid its burdens. *Buck* v. *Kuykendall,* 267 U.S. 307 (1925); *Purcell* v. *Conrad,* 84 Va. 557, 5 S.E. 545 (1888); *Spindel* v. *Jamison,* 199 Va. 954, 103 S.E.2d 205 (1958). Where one takes advantage of the provisions of a statute and a bond required by it is filed, the estoppel to question the constitutionality of the statute extends not only to the principal, but also to his surety. *Greene County* v. *Lydy,* 263 Mo. 77, 172 S.W. 376 (1914); *Musco* v. *United Surety Co.,* 196 N.Y. 459, 90 N.E. 171 (1909).

Since Bisping is estopped to attack the constitutionality of the statute, he is likewise estopped to attack the good behavior condition of the bond which substantially incorporated the condition required by the statute.

■ Here, as in the trial court, the appellants argue that there should have been no forfeiture of the recognizances because

---

* One recognizance was conditioned "upon the principal maintaining a peaceful and law-abiding life while free on bail" and the other "upon the principal maintaining a law-abiding life while free on bail."

there was no failure on Bisping's part to observe the appearance condition of the recognizances. While appearance was an important condition of the recognizances, it was not the only condition. Both recognizances were specifically conditioned upon Bisping's good behavior while on bail. Violation of this good behavior condition is the ground relied upon by the Commonwealth here, as well as in the trial court, to sustain the forfeitures. The additional crimes committed by Bisping while on bail clearly violated the good behavior condition of the recognizances, and forfeiture of the penalty provided therein was fully justified.

■ The question then becomes whether the trial court erred in failing to remit forfeiture of the whole or any part of the penalty fixed by the recognizances. In a proceeding for forfeiture of the penalty of a recognizance, Code § 19.2-145 (1975 Repl. Vol.) grants our courts the power to "remit the penalty or any part of it and render judgment on such terms and conditions as it deems reasonable." This statute, which is an extension of the common law rule, invests our courts with discretionary power to meet the exigencies of the particular case. *Bowling* v. *Commonwealth*, 123 Va. 340, 343, 96 S.E. 739, 740 (1918).

The record here conclusively shows that the principal, while on bail, violated the specific good behavior condition of the recognizances by committing additional crimes of the same nature and character as his earlier convictions. No evidence was adduced at the *scire facias* hearing by either appellant in explanation, excuse, mitigation or palliation of the principal's flagrant violation of the condition. In such circumstances, we cannot say the trial court abused its discretion in failing to remit the whole or any part of the forfeiture.

On brief and at oral argument, Exum, for the first time, attempted to challenge the form of the final judgment order entered by the trial court. Since this issue was neither raised before the trial court nor included in the errors assigned by Exum, we will not notice it now. Rule 5:21.

*Affirmed.*