## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Margaret Ann Battle

August 9, 1983

Case No. F-814-83

By JUDGE EDWARD L. RYAN, JR.

Bruce Exum surety for Ms. Battle's appearance in court asks the court to remit part or all of the bond previously ordered forfeited because of her failure to appear. The salient facts are as follows:

*Conviction*: September 29, 1981.
*PSR and Sentencing*: Scheduled for November 5, 1981.
*Bond Cancelled*: October 21, 1981 (failure to cooperate with probation officer).
*Capias Issued*: October 22, 1981.
*Forfeiture Ordered*: June 2, 1982.
*Default Ordered*: August 6, 1982.
*Default Recorded*: September 10, 1982.
*Surety Payment*: September 10, 1982 ($5,017.50).
*Defendant Returned*: April 24, 1983 (arrested on a new charge of forgery in Hampton).
*Attorney Appointed*: May 3, 1983.
*Forfeiture Ordered*: May 17, 1983.
*PSR and Sentencing*: New date set for June 7, 1983.

In support of his motion to remit the surety relies on Code § 19.2-143, *inter alia*, as follows:

> If the defendant. . . appear before or be *delivered* to the court within twelve months of the *findings of default* the court *shall* remit part or all of any bond previously ordered forfeited by the courts. (Italics added.)

It is apparent that defendant was delivered to the court within the twelve months mentioned in the statute; however, the duty to *justify* the remitment still rests on the surety.

> No evidence was adduced at the *scire facias* hearing by either appellant in explanation, excuse, mitigation or palliation of the principal's flagrant violation of the condition. In such circumstances, we cannot say the trial court abused its discretion in failing to remit the whole or any part of the forfeiture. *Bisping* v. *Commonwealth*, 218 Va. 753 (1978).

The court is aware that the amendment (1979) of the statute relied on by the surety was made by the General Assembly in response to *Bisping*, however, it is still necessary for the surety to supply evidence that justifies a remitment, in whole or in part.

Also, the arrest on another charge and delivery to the court does not, of itself, discharge the surety, when it is made to appear that a defendant is at large when the recognizance is forfeited. *Collins* v. *Commonwealth*, 145 Va. 468 (1926).

The renewed motion of the surety is denied.