## Richmond

### E. P. HEACOCK

### V.

### COMMONWEALTH OF VIRGINIA

Record No. 830141.

October 12, 1984.

Present: All the Justices.

*Robert G. Cabell, Jr.; C. Michael DeCamps (Cabell, Paris, Lowenstein & Bareford,* on briefs), for appellant.

*Donald R. Curry, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

Appealing from a judgment declaring forfeiture of a portion of a cash bail bond, the surety contends, *inter alia,* that he was denied due process of law.

Forrest Perry Heacock, the principal on the bond, was arrested on charges of murder, possession of cocaine with intent to distribute, and conspiracy to distribute. E. P. Heacock, father of the accused, posted three cash recognizances in the total sum of $40,000, and his son was released on bail in January 1982. One of the conditions of the bond was that the principal "be of good behavior until final disposition".

On February 13, Forrest Heacock paid a visit to Stephen Fuller, an inmate in the county jail. Fuller was charged as an accomplice in the crimes for which Heacock had been arrested. In an interview with the police on March 12, Fuller reported that Heacock had threatened his life on that visit. Heacock was arrested on a misdemeanor warrant, returned to custody, and served with an order requiring him to show cause why bail should not be revoked.[1]

At the revocation hearing, the court, Judge Ernest P. Gates presiding, inquired whether the Commonwealth was "asking the bond be forfeited". The Commonwealth's Attorney replied, "No, Sir." He explained that the accused should not be at liberty "because he is a threat." Fuller testified that "the substance [of the threat] was that if I testified that I would be taken care of and I took this to mean that I would be killed." Testifying in his own behalf, Forrest Heacock denied the accusation, and Clarence Greene, Fuller's friend and fellow inmate, testified that Fuller had never told him anything about such a threat. Heacock's father was present in the courtroom, but he was given no notice of the hearing and did not participate in the proceedings. By order entered March 22, Judge Gates noted that bail on the misdemeanor charge had been denied by the General District Court, revoked bail on the felony charges, and remanded the accused to custody.

Five days later, the principal and the surety were served with orders requiring them to show cause why the cash recognizances

---

[1] While most bail revocation proceedings result from the accused's violation of his promise to appear in court as directed, other conditions may be imposed. Thus, bail may be conditioned upon the good behavior of the accused. Violation of that condition is grounds for revocation of bail and forfeiture of any bond that may have been required. *See Bisping and Exum v. Commonwealth,* 218 Va. 753, 240 S.E.2d 656, *cert. denied,* 435 U.S. 1007 (1978).

should not be forfeited to the Commonwealth, and a hearing was scheduled for May 19. Meanwhile, on May 7 the accused was convicted in a bench trial of one of the three felony charges and judgment on the other two was taken under advisement. On motion of the surety, the forfeiture hearing was continued. The Commonwealth nol prossed the misdemeanor charge on June 23.

The first of two forfeiture hearings was held July 20 before Judge D. W. Murphey. Counsel for the surety argued that the bond should not be forfeited because the surety had been given no notice of the revocation hearing and, since he was not a party to that proceeding, had no opportunity to cross-examine the Commonwealth's witnesses. With the transcript of the revocation hearing before him, Judge Murphey commented that the surety "was subject to losing his bond the minute Judge Gates revoked that bond, and yet he had not been a party to the proceedings, he had no chance to defend himself, he had no chance to tell why he shouldn't lose it". Nevertheless, he declined to rule and took the matter under advisement. In a letter dated August 11, Judge Murphey advised counsel for the surety that at the next hearing "you will be permitted on behalf of your client to produce any evidence which you care to produce to show why the bond should not be forfeited."

The second and final forfeiture hearing was conducted on October 1. Counsel for the surety renewed his argument at the first hearing and asked whether the Commonwealth would be required "to put on evidence to show that the bond should be forfeited". Judge Murphey ruled that "[t]he only thing this Commonwealth is required to do is to show . . . that the accused did not live up to the terms of the bond and was found guilty by some court." The Commonwealth's Attorney requested the court "to take judicial notice of the bond revocation" and moved the court to "forfeit $20,000 of the $40,000 bond."

By final order entered that day, the court incorporated the transcript of the bail revocation hearing in the record of the forfeiture proceeding, found that the surety had "failed to present any evidence" to show cause why the bond should not be forfeited, and granted the motion to forfeit.

■ We begin our analysis of the surety's several due-process arguments, keeping in mind the distinction between *bail* and *bond*. "An accused . . . held in custody pending trial or hearing . . . shall be admitted to bail . . . unless there is probable cause

to believe that . . . [h]e will not appear for trial or hearing . . . or . . . [h]is liberty will constitute an unreasonable danger to himself or the public." Code § 19.2-120. Once an accused is admitted to *bail,* a *bond* may be but is not necessarily required.[2]

 If an application for bail, *i.e.,* release from custody, can be denied upon a finding of probable cause to believe that the accused will not appear or will constitute an unreasonable danger while at liberty, bail can be revoked upon such a finding. When an accused is admitted to bail without bond, there is, of course, no occasion for a forfeiture hearing. If bail was granted, conditioned upon a cash recognizance, "the court may forfeit all or any part of such cash recognizance after notice and a hearing is given under § 19.2-143." Code § 19.2-135.

 The parties to this appeal and the judges of the trial court refer to the proceeding before Judge Gates as a "bond revocation hearing". More precisely, that proceeding was a *bail* revocation hearing. The sole issue was whether there was probable cause to believe that the accused was an unreasonable danger to the public. Judge Gates resolved that issue against the accused, revoked his bail, and remanded him to custody. The question whether the bond upon which bail had been conditioned should be forfeited was never in issue.

E. P. Heacock has no viable due-process complaint about the proceeding to revoke bail. He was not a party to that proceeding and, accordingly, had no standing to challenge lack of notice and no right to call or cross-examine witnesses. As surety on the cash recognizance, however, he was an essential party to the bond forfeiture proceeding and, under the provisions of Code §§ 19.2-135 and 19.2-143, was entitled to notice and a hearing.

The surety was duly served with the show-cause forfeiture order, attended the forfeiture hearing, and now concedes that notice was constitutionally sufficient for purposes of that hearing. His due-process complaint is that the hearing was not constitutionally sufficient. Specifically, he argues that "the lower Court took Appellant's funds without affording him his Sixth Amendment right to confront and cross-examine those witnesses that presented evidence in support of the taking."

---

[2] In addition to cash bonds, property bonds, surety bonds, and "unsecured bonds", an accused may be admitted to bail based on his "written promise to appear in court as directed" or he may be placed "in the custody of a designated person or organization agreeing to supervise him". Code § 19.2-123.

Two questions were in issue at the bond forfeiture hearing, *viz.,* (1) whether the principal had violated a condition of the bond, and (2) whether the bond should be forfeited in whole or in part. Judge Murphey ruled that all the Commonwealth was required to prove was that the accused "was found guilty by some court" of a violation of a condition of the bond, took judicial notice of the transcript of the bail revocation hearing, treated Judge Gates' decision as *prima facie* proof of violation, and, in effect, shifted the evidentiary burden on both issues to the surety.

The movant in a show-cause proceeding has the burden of proving the premise of the show-cause order, and, if the movant makes a *prima facie* case, the burden shifts to the other party to go forward with the evidence. But, as we have noted, probable cause is the standard of proof in a bail revocation proceeding. On the other hand, "the effort of the Commonwealth to collect a debt due by reason of the forfeiture of the recognizance is a matter purely civil," *Collins* v. *Commonwealth,* 145 Va. 468, 471, 134 S.E. 688, 689 (1926), and the Commonwealth must prove its case by a preponderance of the evidence. To revoke bail, Judge Gates was not required to find, and did not find, that the accused was "guilty" of a crime or that a breach of the good-behavior condition upon which he had been admitted to bail had been established by a preponderance of the evidence. Hence, we are of opinion that Judge Murphey erred in treating Judge Gates' finding of probable cause as *prima facie* proof for purposes of the bond forfeiture proceeding.[3]

In light of this error, the dispositive question before us is whether the hearing afforded the surety at the bond forfeiture proceeding was constitutionally sufficient. While notice is always essential, "[t]he fundamental requisite of due process of law is the opportunity to be heard." *Grannis* v. *Ordean,* 234 U.S. 385, 394 (1914).

It is true that the surety was offered an opportunity to present evidence. Due process requires more. When a governmental proceeding, whether criminal or civil in nature, threatens injury to a person or his property, the Due Process Clause subsumes the Sixth Amendment guarantees. *Green* v. *McElroy,* 360 U.S.

---

[3] The distinction between the standard of proof required in the bail revocation proceeding and that required in the bond forfeiture proceeding is not a problem when bail was revoked for violation of a condition to appear; in such cases, the absence of the accused is conclusive proof of the violation.

474, 496-97 (1959). Thus, a state cannot threaten to terminate public assistance payments without affording the beneficiaries prior notice and hearing, because "due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly,* 397 U.S. 254, 269 (1970). And, although proceedings to revoke parole or probation (like proceedings to forfeit a bail bond) are civil in nature, the convict must be granted a due-process hearing. *Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973). As part of his package of due-process rights, a parolee is entitled to "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)".[4] *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972). If a convicted criminal enjoys this right, an innocent surety on a bail bond is entitled to no less.

While nothing in the statutes requires that a bail revocation proceeding and a bond forfeiture proceeding be combined for hearing, nothing forbids such a procedure. Had the proceedings been combined in this case and notice given to all interested parties, the surety would have had no cause to raise a due-process complaint. Under the evidentiary rulings made in the second stage of the bifurcated proceedings conducted below, the surety was never afforded any opportunity to confront and cross-examine the Commonwealth's witnesses concerning an issue crucial to the adjudication of the forfeiture litigation. We conclude that the hearing was not constitutionally sufficient. Specifically, we hold that the surety was denied procedural due process of law.

Granting the surety's prayer, we will reverse the judgment and remand the case to the trial court. If the Commonwealth elects to seek a new show-cause order on the forfeiture question, a new hearing will be scheduled and conducted in accordance with the principles defined in this opinion.

*Reversed and remanded.*

COMPTON, J., dissenting.

---

[4] In keeping with this rule, the Virginia Model Interstate Parole and Probation Hearings Act provides that a parolee or probationer charged with violation of a condition of his release "[s]hall have the right to confront and examine any person who has made allegations or given evidence against him, unless the hearing officer determines that such confrontation would present a substantial present or subsequent danger of harm to such person". Code § 53.1-170(3).

I disagree with the majority's conclusion that the finding against this principal is not *prima facie* evidence against the surety.

The bond in this matter was included on a standard form, designated "CONDITIONS OF RELEASE, RECOGNIZANCE, AND BOND," used statewide in courts of record and courts not of record. In plain terms, following the word "WARNING:", the Release and Recognizance part of the instrument provides: "Failure to fulfill the terms [and] conditions above or any violation thereof may result in your arrest *and forfeiture* of the bond on the lower portion of this page. . . . " (emphasis added). The following provision is printed in the Bond section on the lower portion of the form, just above the surety's signature: "The above terms of the conditions of Release and Recognizance are hereby incorporated by reference." This reference, of course, incorporates the bail terms as well as the forfeiture warning in the surety's undertaking. Therefore, the interests of the surety and principal are nearly identical under this arrangement.

Under these circumstances, therefore, I am of opinion that the engagement by this surety to be responsible for the conduct of another creates such privity between them as to render a finding against the latter *prima facie* evidence against the former. *See United States Fidelity & Guaranty Co. v. Jordan,* 107 Va. 347, 357, 58 S.E. 567, 569 (1907). *Cf. Kesler v. Fentress,* 223 Va. 14, 17, 286 S.E.2d 156, 157 (1982); *Nero v. Ferris,* 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981) (privity defined in terms of identity of interests). Thus, once the Commonwealth proved in the bond forfeiture case the trial court's previous finding made at the bail revocation proceeding, a *prima facie* case was established and the burden shifted to the surety to go forward with the evidence to show why a forfeiture should not be declared. Here, the surety elected not to produce any such evidence at the hearing on October 1, even though given every opportunity to do so.

Accordingly, I believe the trial court properly ordered the forfeiture.

CARRICO, C.J., joins in dissent.