Tuesday        30th

October, 2001.


Demarco Antonio Green,                                    Appellant,

 against        Record No. 0827-01-1
                Circuit Court No. CR00A-1733

Commonwealth of Virginia,                                 Appellee.


From the Circuit Court of the City of Portsmouth

Before the Full Court


On September 29, 2000, the trial court entered a final order convicting appellant of grand larceny and imposing a suspended sentence conditioned on probation. By order entered March 22, 2001, the trial court revoked appellant's probation and suspension of sentence. Appellant appeals from that revocation order.

Because this Court lacks jurisdiction over this appeal, we transfer it to the Supreme Court of Virginia. See Code § 8.01-677.1.

Previously, we exercised jurisdiction over appeals from probation revocation proceedings and considered them to be extensions of the appellant's prior criminal conviction. See, e.g., Anderson v. Commonwealth, 20 Va. App. 361, 457 S.E.2d 396 (1995). We did not address the jurisdiction issue in those appeals. In Anderson v. Commonwealth, 251 Va. 437, 470 S.E.2d 862 (1996), the Supreme Court awarded an appeal from this Court's decision affirming the revocation

of probation, considered the case on its merits, and similarly did not discuss the jurisdictional issue.

In Carlton v. Paxton, 14 Va. App. 105, 415 S.E.2d 600, aff'd, 15 Va. App. 265, 422 S.E.2d 423 (1992) (en banc), the appellant appealed to this Court from a chancery decree entered in an independent action pursuant to Code § 8.01-428 to set aside an order of adoption. "Relying upon the literal language in Code § 17-116.05(3)(g),[1] this Court ruled by [an unpublished] order [in Carlton] that jurisdiction did not lie because 'the appeal is not from a final decree of adoption,'" Bullis v. Bullis, 22 Va. App. 24, 30-31, 467 S.E.2d 830, 833-34 (1996) (footnote added), and transferred the case to the Supreme Court. Even though the decree arose from an independent action instituted long after the decree of adoption was entered, the Supreme Court returned the appeal to this Court and held that a decree refusing to vacate or set aside an order of adoption was nonetheless "a final decree involving adoption." Carlton v. Paxton, Record No. 910689 (Va. May 15, 1991).[2]

---

[1] The predecessor to Code § 17.1-405.

[2] As recently as September 20, 2001, the Supreme Court transferred to us the case of Samuel v. Samuel, Supreme Court Record No. 011946. The parties in Samuel were divorced by a final decree entered on June 10, 1998. Prior to entry of that decree, the parties entered into a Property Settlement Agreement, under which the husband was to pay certain monies to the wife on a weekly basis. In February 2001, the wife filed a motion for judgment in the circuit court, seeking damages for the husband's alleged breach of the contract. The wife noted an appeal to the Supreme Court from the circuit court's final ruling. The Supreme Court, in a one-sentence order, transferred the appeal to this Court: "Pursuant to Code § 8.01-677.1, it is ordered that this case be and hereby is transferred to the Court of Appeals of Virginia."

-2-

Recently, however, in Commonwealth v. Southerly, ___ Va.
___, ___, 551 S.E.2d 650, 652 (2001), the Supreme Court held that
this Court's appellate criminal jurisdiction is to be read literally
and that the nature of the underlying charge does not control the
jurisdictional decision.  In support of its holding, the Court ruled
as follows:

> [I]f the underlying charge is civil in nature,
> the appeal is also civil in nature.  This is not
> to say that if the underlying charge is criminal
> in nature, the appeal is automatically criminal
> in nature. . . .
>
> Rather, it is the nature of the method
> employed to seek relief from a criminal
> conviction and the circumstances under which the
> method is employed that determine whether an
> appeal is civil or criminal in nature.  If the
> method consists of an appeal from the conviction
> itself or from action on motions filed and
> disposed of while the trial court retains
> jurisdiction over the case, the appeal is
> criminal in nature. . . .
>
> In any event, the statute governing the
> Court of Appeals' appellate jurisdiction in
> criminal cases is what really controls.  Code
> § 17.1-406(A) provides that "[a]ny aggrieved
> party may present a petition for appeal to the
> Court of Appeals from . . . any final conviction
> in a circuit court of . . . a crime."  The
> statutory language is restrictive, limiting the
> Court of Appeals' appellate jurisdiction to
> appeals from final criminal convictions and from
> action on motions filed and disposed of while the
> trial court retains jurisdiction over the case.

Id. at ___, 551 S.E.2d at 652-53 (emphasis added).  Cf. Brame v.
Commonwealth, 252 Va. 122, 126, 476 S.E.2d 177, 179 (1996) (holding
that "[b]ecause a charge of unreasonably refusing to submit to a

blood or breath test is not criminal but administrative and civil in nature, an appeal lies directly to . . . [the Supreme] Court").

The Supreme Court has held that "proceedings to revoke parole or probation . . . are civil in nature . . . ." Heacock v. Commonwealth, 228 Va. 235, 242, 321 S.E.2d 645, 649 (1984) (citing Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973)). We conclude from the decision in Southerly and the transfer in Samuel, that in the civil arena, the Supreme Court has not adopted the view that "it is the nature of the method employed to seek relief," Southerly, ___ Va. at ___, 551 S.E.2d at 652, from a prior order that controls the appeal.

Southerly holds that in a criminal case, we have jurisdiction over only two types of appeals. The first are appeals which arise from "final criminal convictions." Id. at ___, 551 S.E.2d at 653. A criminal conviction is final upon "entry of the sentencing order . . . ." Batts v. Commonwealth, 30 Va. App. 1, 12, 515 S.E.2d 307, 313 (1999) (citing Ramdass v. Commonwealth, 248 Va. 518, 520, 450 S.E.2d 360, 361 (1994)). An order revoking probation is not a sentencing order, and is not a "final criminal conviction[]," Southerly, ___ Va. at ___, 551 S.E.2d at 653; indeed, it is "civil in nature." Heacock, 228 Va. at 242, 321 S.E.2d at 649.

The second type are appeals from "action on motions filed and disposed of while the trial court retains jurisdiction over the case." Southerly, ___ Va. at ___, 551 S.E.2d at 653 (emphasis added). In this case, the probation revocation proceeding was not an "action on [a] motion[] filed and disposed of while the trial court

-4-

retain[ed] jurisdiction over the case." Id. at ___, 551 S.E.2d at 653. The trial court sentenced Green on September 29, 2000. It retained jurisdiction over the case for twenty-one days. Rule 1:1. The order from which this appeal arises was entered March 22, 2001, which was beyond the twenty-one day period.

Our appellate jurisdiction encompasses some civil cases. See Code § 17.1-405.[3] Because probation revocation proceedings are

_____

[3] Any aggrieved party may appeal to the Court of Appeals from:

1. Any final decision of a circuit court on appeal from (i) a decision of an administrative agency, or (ii) a grievance hearing decision issued pursuant to § 2.2-3005;

2. Any final decision of the Virginia Workers' Compensation Commission;

3. Any final judgment, order, or decree of a circuit court involving:

a. Affirmance or annulment of a marriage;

b. Divorce;

c. Custody;

d. Spousal or child support;

e. The control or disposition of a child;

f. Any other domestic relations matter arising under Title 16.1 or Title 20;

g. Adoption under Chapter 10.2 (§ 63.1-219.7 et seq.) of Title 63.1; or

h. A final grievance hearing decision issued pursuant to subsection B of § 2.2-3007.

4. Any interlocutory decree or order entered in any of the cases listed in this section (i) granting, dissolving, or denying an

-5-

"civil in nature," Heacock, 228 Va. at 242, 321 S.E.2d at 649, we look to Code § 17.1-405 to determine if we may exercise jurisdiction over this appeal. We may not. Appeals arising from probation revocation proceedings are not included in that statute.

In summary, a probation revocation proceeding is not a "final criminal conviction[]," Southerly, ___ Va. at ___, 551 S.E.2d at 653, is not an "action on [a] motion[] filed and disposed of while the trial court retain[ed] jurisdiction over the case," id. at ___, 551 S.E.2d at 653, and is not included in those types of civil cases over which we have jurisdiction, see Code § 17.1-405. Accordingly, we have no jurisdiction over this appeal and transfer this appeal to the Supreme Court of Virginia. See Southerly, ___ Va. at ___, 551 S.E.2d at 653 (ruling that "[u]nder Code § 8.01-677.1, if an appeal is otherwise proper and timely but the appellate court in which it is filed rules it should have been filed in the other appellate court, the court so ruling shall transfer the appeal to the other court").

The issue addressed in this order is significant and represents a departure from our previous dispositions in similar appeals. Therefore, we direct the Clerk to publish this order.

A Copy,

Teste:

Clerk

---

injunction or (ii) adjudicating the principles of a cause.

-6-