PRESENT:  All the Justices

DEMARCO ANTONIO GREEN

v.  Record No. 012418          JUSTICE BARBARA MILANO KEENAN
                                    January 17, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                  Von L. Piersall, Jr., Judge

     The dispositive issue before us is whether an appeal from a
circuit court order revoking a defendant's probation initially
lies within the jurisdiction of this Court or the Court of
Appeals.

     In September 2000, Demarco A. Green was convicted in the
Circuit Court of the City of Portsmouth of grand larceny, in
violation of Code § 18.2-95.  The circuit court sentenced Green
to a term of three years' imprisonment and suspended two years
and nine months of that sentence conditioned, in part, on
Green's completion of a two-year period of supervised probation.

     On October 4, 2000, Green signed a form setting forth
conditions of probation, which provided, among other things,
that Green would "obey all Municipal, County, State and Federal
laws and ordinances."  That same day, Green was arrested and
charged with felonious assault of a law enforcement officer, in
violation of Code § 18.2-57.  Green was convicted of this
offense and was sentenced to serve a term of seven months'
imprisonment.

In March 2001, the circuit court held a revocation hearing on the grand larceny conviction. Green moved to strike the Commonwealth's evidence of the felonious assault conviction, arguing that the Commonwealth failed to prove that he signed the probation conditions form before he committed the felonious assault. The circuit court denied Green's motion, found him guilty of violating the terms of his probation, and revoked the suspension of the two year and nine month portion of his sentence. Green appealed from this judgment to the Court of Appeals.

Relying on our recent decision in Commonwealth v. Southerly, 262 Va. 294, 551 S.E.2d 650 (2001), the Court of Appeals held that it did not have jurisdiction to consider Green's appeal and transferred the appeal to this Court under Code § 8.01-677.1. Green v. Commonwealth, 37 Va. App. 92, 93, 97, 554 S.E.2d 108, 109, 111 (2001). In Southerly, a petitioner filed a motion seven years after his conviction as an adult in a circuit court, alleging that his conviction was void because the juvenile and domestic relations district court had failed to comply with the notice requirements of former Code §§ 16.1-263 and -264.[*] We concluded that the Court of Appeals lacked

---

[*]In Southerly, the defendant's motion to vacate was based on Commonwealth v. Baker, 258 Va. 1, 516 S.E.2d 219 (1999), (per curiam), aff'g Baker v Commonwealth, 28 Va. App. 306, 504 S.E.2d 394 (1998), in which we held that the failure to give notice to

jurisdiction to consider the petitioner's appeal from the circuit court's denial of his motion. Southerly, 262 Va. at 299, 551 S.E.2d at 653. We explained that the motion to vacate his criminal convictions was civil in nature because the motion was based on an allegation attacking the circuit court's jurisdiction that was filed after the court no longer had jurisdiction over the case. Id.

In transferring the present appeal to this Court, the Court of Appeals also relied on dictum in Heacock v. Commonwealth, 228 Va. 235, 242, 321 S.E.2d 645, 649 (1984), in which we stated that proceedings to revoke probation are civil in nature. The Court of Appeals held that it lacked jurisdiction to consider Green's appeal because the order revoking Green's probation was not a criminal conviction, a motion resolved while the circuit court retained jurisdiction over a criminal case, or a civil case within the Court's jurisdiction under Code § 17.1-405. Green, 37 Va. App. at 97, 554 S.E.2d at 111.

In considering Green's appeal, we asked the parties to address the threshold issue whether initial jurisdiction over this appeal from the circuit court's judgment properly lies in this Court or in the Court of Appeals. Both the Commonwealth

both parents of a juvenile of certain proceedings in the juvenile and domestic relations district court rendered void the juvenile's later conviction on transfer of his case to the

and Green contend that the Court of Appeals has jurisdiction over Green's appeal.  They rely primarily on Code § 19.2-306 and our decision in Southerly, arguing that since the circuit court retained jurisdiction under Code § 19.2-306 to revoke the suspension of a portion of Green's sentence, Green properly appealed to the Court of Appeals from the revocation of his suspended sentence.  We agree with this argument.

In Southerly, we considered Code § 17.1-406(A), the statute governing the Court of Appeals' appellate jurisdiction in criminal cases.  We examined the provision in Code § 17.1-406(A) that "[a]ny aggrieved party may present a petition for appeal to the Court of Appeals from . . . any final conviction in a circuit court of . . . a crime."  We explained that this statutory language limits the Court of Appeals' appellate criminal jurisdiction "to appeals from final criminal convictions and from action on motions filed and disposed of while the trial court retains jurisdiction over the case." Southerly, 262 Va. at 299, 551 S.E.2d at 653.  We stated that such appeals are part of a process that "is purely criminal in nature."  Id.

A circuit court's jurisdiction to revoke a convict's probation and suspension of sentence is part of this purely

circuit court. See also Nelson v. Warden, 262 Va. 276, 285, 552 S.E.2d 73, 78 (2001).

4

criminal process.  That jurisdiction is based on Code § 19.2-306, which provides in relevant part:

> The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court, or if neither, within the maximum period for which the defendant might originally have been sentenced to be imprisoned, revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time within one year after the probation period, or if no probation period has been prescribed then within one year after the period of suspension fixed by the court, or if neither a probation period nor a period of suspension has been prescribed then within one year after the maximum period for which the defendant might originally have been sentenced to be imprisoned, whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed.

Id.

Under this statute, the circuit court retained jurisdiction over the suspended portion of Green's sentence on the grand larceny conviction during the two-year period of his probation and for one year thereafter.  Thus, although the circuit court's conviction and sentencing order of September 29, 2000 became final 21 days after it was entered under the provisions of Rule 1:1, the circuit court had jurisdiction over the suspended portion of Green's sentence at the time it revoked Green's probation on March 19, 2001.  Because Green's appeal of the revocation order is an appeal from an action taken while the circuit court retained jurisdiction over his sentence on the

5

grand larceny conviction, his appeal lies within the Court of Appeals' jurisdiction under Code § 17.1-406(A). See Southerly, 262 Va. at 299, 551 S.E.2d at 653.

We disagree with the Court of Appeals' conclusion that a different result is required by our decision in Heacock. There, we held that while a forfeiture proceeding on a bond entered in a criminal case is a purely civil matter, the surety is entitled to due process protections of notice and a hearing prior to forfeiture. Heacock, 228 Va. at 241-42, 321 S.E.2d at 649. We also stated in dictum that proceedings to revoke probation are civil in nature. Id. at 242, 321 S.E.2d at 649.

Our holding today is incompatible with this dictum, which we expressly reject. Although a probation revocation hearing is not a stage of a criminal prosecution, see Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973), and thus does not afford a convict all rights attending a criminal prosecution, such revocation hearing is nevertheless a criminal proceeding. See Code § 19.2-306.

For these reasons, we will reverse the Court of Appeals' transfer order and return Green's appeal to the Court of Appeals for consideration under the Court's appellate criminal jurisdiction set forth in Code § 17.1-406(A).

Reversed and returned.