COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Russell and AtLee
Argued by videoconference

UNPUBLISHED

WENDY CHURCH GREEN

MEMORANDUM OPINION[*] BY
v.      Record No. 1640-19-2          JUDGE RICHARD Y. ATLEE, JR.
                                       DECEMBER 22, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

W. Mark Dunn (Shaheen Law Firm, PC, on brief), for appellant.

Timothy J. Huffstutter, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Appellant Wendy Church Green argues that the circuit court erred in modifying her

sentence and terms of probation following a hearing on a show cause order. For the following

reasons, we affirm.

I. BACKGROUND

"On appeal of criminal convictions, we view the facts in the light most favorable to the

Commonwealth, and draw all reasonable inferences from those facts." Payne v. Commonwealth,

65 Va. App. 194, 198 (2015).

On July 23, 2013, the circuit court sentenced Green to a prison sentence of nine years,

with six years and twenty-four months suspended, for her convictions for uttering a forged

document, forgery, and felony failure to appear. The court conditioned the suspension, in part,

on Green's good behavior for a period of ten years.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On October 1, 2018, Green pled no contest to violating the conditions of her suspension. Following a hearing, the circuit court revoked Green's suspended sentence, resentenced Green to six years and twenty-four months in prison, and resuspended all but one month of the sentence. Additionally, the circuit court placed her on indefinite supervised probation and ordered her to complete the rehabilitative Community Corrections Alternative Program ("CCAP"). The circuit court entered this order on December 3, 2018.

In May 2019, Green reported to the CCAP as ordered. Green was found to have a medical condition that prevented her from completing the CCAP because it required "ongoing and follow-up care" that "exceeds the capability" of the program.

The circuit court issued a show cause order on July 1, 2019. The attached major violation report explained that Green had been found "medically unsuitable" for the CCAP and had thus been transported to jail. It noted that Green had "not received any institutional violations or conducts," had "participated in her programming," and had "completed a number of community service hours."

At the August 28, 2019 hearing on the show cause, the Commonwealth noted that, consistent with what was stated in the major violation report, Green's failure to remain in the CCAP was not due to any wrongdoing on her part. Following a lengthy exchange between counsel and the circuit court, both parties agreed that they were jointly moving to modify Green's sentence from the December 2018 order to eliminate the CCAP requirement, give Green an active sentence of twelve months and credit for time served (those being coterminous), and place her back on supervised probation.

The circuit court granted the joint motion to modify Green's sentence. It resentenced Green to six years and twenty-four months in prison and resuspended six years and twelve months, resulting in an active sentence of twelve months, giving credit for time served. The

circuit court entered an order reflecting this modification of the December 3, 2018 order on

September 9, 2019. The circuit court also entered an order dismissing the most recent show

cause order, finding that Green's failure to complete the CCAP was a "technical violation," not a

willful one.

This appeal followed.

## II. ANALYSIS

Green argues that the circuit court "erred in modifying a sentencing order which was final

pursuant to Rule 1:1."[1] "Under Rule 1:1, a trial court may modify, vacate, or suspend any

judgment, order, or decree within 21 days after the date of entry, *but not longer*." Akers v.

Commonwealth, 298 Va. 448, 452 (2020). "Subject to limited exceptions, '[a]t the expiration of

that 21-day period, the trial court loses jurisdiction to disturb a final judgment, order, or decree.'"

Id. (quoting School Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 554

(1989)). Green argues that the circuit court lacked jurisdiction because it attempted to modify

the sentencing order more than twenty-one days after the date of entry, and therefore she did not

waive her argument on appeal by failing to object to, and, in fact, requesting the actions the court

took.

One exception to the twenty-one-day rule is a circuit court's statutory authority to

conduct a show cause hearing to consider whether an individual has violated the conditions of

his or her probation or suspended sentence. Code § 19.2-306. Here, the parties were before the

circuit court for the hearing on the show cause, and it is uncontested that the court had

jurisdiction over that matter. Furthermore, should the circuit court find cause, it has jurisdiction

---

[1] The circuit court dismissed the show cause and modified Green's sentence in two ways: it removed the requirement that she complete the CCAP, and it extended her active sentence from one month to twelve months with credit for time served.

- 3 -

to revoke the suspension of a sentence, increase or decrease probation, or make or modify any condition of probation. Id.; Code § 19.2-304.[2]

Green argues that because the circuit court did not find her in violation of her probation and it recharacterized the show cause hearing as a resentencing, it was divested of jurisdiction and it could not modify her sentence or terms of probation. Green believes that the order entered is void and challengeable despite Green's failure to raise the issue below and despite her having expressly requested the circuit court to rule as it did. We disagree.

This Court has repeatedly noted that "[j]urisdiction is a term which can engender much confusion because it encompasses a variety of separate and distinct legal concepts," Smith v. Commonwealth, 56 Va. App. 351, 357 (2010) (quoting Porter v. Commonwealth, 276 Va. 203, 228 (2008)), aff'd, 281 Va. 464 (2011), and "[u]ndeniably, '[j]urisdiction is a word of many, too many, meanings[,]'" id. (quoting Ghameshlouy v. Commonwealth, 279 Va. 379, 388 (2010)).

"[S]ubject matter jurisdiction, perhaps best understood as the 'potential' jurisdiction of a court, is the authority granted to it by constitution or statute over a specified class of cases or controversies . . . ." Ghameshlouy, 279 Va. at 388. "It involves the judicial 'power to adjudicate a case.'" Cilwa v. Commonwealth, 298 Va. 259, 266 (2019) (quoting Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church, 296 Va. 42, 49 (2018)). "Viewed correctly, subject matter jurisdiction focuses on the '*subject* of the case' not the 'particular proceeding that may be one part of [the] case.'" Id. at 267 (alteration in original) (quoting In re Commonwealth, 278 Va. 1, 11 (2009)). "A Virginia court's 'jurisdiction to revoke a convict's probation and

---

[2] Moreover, "[t]he probation [and suspension] statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals. In addition, the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." Briggs v. Commonwealth, 21 Va. App. 338, 344 (1995) (quoting Grant v. Commonwealth, 223 Va. 680, 684 (1982)).

suspension of sentence is part of [the] criminal process.'" Id. (alteration in original) (quoting Green v. Commonwealth, 263 Va. 191, 194 (2002)).

By contrast, active jurisdiction, "pragmatically called the 'jurisdiction to err' — involves not the power of the court but the proper exercise of its authority consistent with 'settled principles of the unwritten law' or any applicable 'mandate of the statute law.'" Id. at 266 (footnote omitted) (quoting Farant Inv. Corp. v. Francis, 138 Va. 417, 427 (1924)). "Simply stated, active jurisdiction requires a court with subject matter jurisdiction to adjudicate a case consistent with the law governing that adjudication." Id. at 266-67. "Unless a procedural statute clearly states otherwise, '[t]he validity of a judgment based upon a challenge to the application of [such] a statute raises a question of trial error, and not a question of [subject matter] jurisdiction.'" Id. at 269-70 (alterations in original) (quoting Pure Presbyterian Church of Wash., 296 Va. at 56). "Defects in active jurisdiction can be waived and even if not waived, such defects are not subject to collateral attack." Id. at 270-71 (citation omitted); see also Riddick v. Commonwealth, 72 Va. App. 132, 143 (2020) ("[A] claim that a court lacks active jurisdiction cannot be raised for the first time on appeal and is subject to the contemporaneous objection rule.").

Here, the circuit court unquestionably had subject matter jurisdiction over the show cause hearing. Code § 19.2-306. Although it was clear that Green's violation was not willful and was due to the "subsequent inability of the inmate to do so resulting from an unforeseen medical condition[,] . . . the inmate necessarily will be subjected to a show cause hearing at which the trial court has the discretion to revoke all or part of the inmate's suspended sentence . . . ." Peyton v. Commonwealth, 268 Va. 503, 511 (2004). Because the circuit court had subject matter jurisdiction over the show cause hearing, any alleged error in its adjudication of the case was trial error. See Cilwa, 298 Va. at 269-70.

"Under Rule 5A:18, we do not consider trial court error as a basis for reversal where no timely objection was made except in extraordinary situations to attain the ends of justice." Redman v. Commonwealth, 25 Va. App. 215, 220 (1997). "The laudatory purpose behind Rule 5A:18 . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary." Id. (alteration in original) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131 (1989)). Here, Green did not object to the alleged trial error in the circuit court. Accordingly, Green's failure to object bars appellate review of this issue under Rule 5A:18.

Furthermore, "[t]he Supreme Court has held that '[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'" Nelson v. Commonwealth, 71 Va. App. 397, 403 (2020) (alterations in original) (quoting Rowe v. Commonwealth, 277 Va. 495, 502 (2009)). "It can hardly be a 'grave injustice' to a defendant's essential rights . . . for a trial court to [make] an agreed-upon [ruling]." Id. at 405 (second and third alterations in original) (quoting Brittle v. Commonwealth, 54 Va. App. 505, 513 (2009)).

Here, the parties were before the circuit court on the show cause. It was clear that the violation was "technical" in nature rather than willful, but that Green would never be able to comply with the terms of the existing order because she could not participate in the CCAP. The circuit court repeatedly asked defense counsel what he wanted the court to do. Green's counsel asked that the show cause order be dismissed, that the existing sentencing order be modified to eliminate the CCAP requirement, and that it give Green credit for time served, because she served more time in jail than initially anticipated by the sentencing order. The circuit court agreed. Green may not request a modification of the sentencing order in the circuit court and then adopt the contradictory position in this Court that the circuit court was without authority to

modify the order.  Because Green failed to object to, and in fact requested, the actions taken by the circuit court, she may not adopt a contradictory position on appeal and has waived the issue.

### III.  CONCLUSION

The circuit court, properly having subject matter jurisdiction over the matter, acted in accordance with Green's request to dismiss the show cause and to sentence her to time served. Because Green did not object to the ruling in the court below, that issue is waived on appeal. Furthermore, she may not now take a contradictory position on appeal and argue that such action was error.  Accordingly, we affirm.

<u>Affirmed.</u>