COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Friedman

PAUL SYLVESTER MARTIN, JR.

v.      Record No. 0340-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
MAY 2, 2023

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Jennifer T. Stanton, Senior Appellate Counsel; Indigent Defense
Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.

Paul Sylvester Martin, Jr., appeals a March 9, 2022 order that revoked four years of his

previously suspended sentences. Martin argues that the trial court did not properly consider the

mitigating evidence. Martin also contends that the trial court erred by denying his motions to

withdraw his "guilty plea."[1] After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we affirm the trial court's

judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1 413.

[1] Although a probation violation is not a criminal conviction, *Alsberry v. Commonwealth*,
39 Va. App. 314, 318 (2002), we nonetheless use Martin's terminology.

BACKGROUND

We consider the evidence received at a revocation hearing in the light most favorable to the Commonwealth, the prevailing party below. *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022).

In 2012, the trial court convicted Martin of possession of a Schedule I or II controlled substance and felony eluding of a police officer. The trial court later sentenced Martin to a total of seven years and six months' incarceration, all suspended.

After a hearing on December 9, 2013, the trial court found that Martin had been convicted of failure to appear, contempt of court, driving on a suspended license, third offense, and eluding, and had absconded from probation. By order of June 9, 2014, the trial court revoked six months of the previously suspended sentences and resuspended the remaining six years and twelve months under the same conditions.

After a hearing on November 19, 2015, the trial court found that Martin had not reported five driving citations and had failed to appear for two drug screens as well as scheduled visits with the probation officer; he also had tested positive for cocaine and marijuana on three occasions. By order of November 22, 2015, the trial court revoked one year and twelve months of the previously suspended sentences and resuspended the balance under the same conditions. On February 2, 2016, the trial court resuspended the sentences revoked by the November 22, 2015 order, conditioned on Martin's successful completion of drug court.

After a hearing on March 19, 2019, the trial court found that Martin had been convicted of five driving-related offenses, including driving on a revoked license and driving on a suspended license, and had not completed the drug court program. The trial court revoked the previously suspended sentences, resuspending all but two years under the same conditions. The trial court ordered Martin to complete a substance abuse program.

Martin began supervised probation on September 7, 2021. Martin's probation officer filed a major violation report, alleging that Martin "refused" to sign the probation conditions document and the "color code" drug testing agreement but agreed to "abide by" the conditions and "report as instructed" for drug tests. The major violation report also alleged that Martin tested positive for cocaine three days later on September 23, 2021, and again on October 26, 2021, and, without contacting the probation officer, missed "color code" drug screens on October 21 and November 9, 2021. Additionally, the major violation report alleged that the drug treatment program discharged Martin for non-compliance due to unexcused absences on October 7, October 21, and November 9, 2021, and failure to complete homework on November 4, 2021.

At a hearing on February 15, 2022, Martin "pleaded guilty" to violating the terms of his probation by failing to report for two "color code" drug screens, being discharged from the treatment program without completing it because of three unexcused absences, and testing positive for cocaine, as alleged in the major violation report. The trial court found that Martin had violated the conditions of his probation.

Alicia Cross, who was in a relationship with Martin, testified that she was helping him find job opportunities and had made an appointment with a drug treatment program. She was "very committed" to helping him "become a better man and father."

Paula Vann, Martin's mother, testified that she was committed to helping Martin get a driver's license so that he could work in her business. She was looking into counseling sessions that she and Martin could go to together to help him and "build on our relationship." Vann was committed to helping Martin "thrive" and "be a productive citizen" and "a great father."

Martin testified that he completed a "12-step" program "towards recovery" while incarcerated. He testified that he was absent from class two times because he was not supposed to

be "around people" due to a diagnosis of conjunctivitis in his eye on September 29, 2021, and COVID-19 on October 21, 2021.

Martin apologized for refusing to sign the probation conditions and "color code" agreement. He admitted that he tested positive for cocaine on September 23, 2021, just three days later, and claimed that this "relapse" made him realize he "needed" a "drug treatment program." He explained his positive test for cocaine on October 26, 2021, by claiming that COVID-19 symptoms made him "turn[] to drugs." He also claimed that he did not complete the homework due November 4, 2021, because of COVID-19.

Martin asserted that his relationship with his mother would be "the driving force" for him to get help. He emphasized that he had "sought out two programs" to address his drug use and had "a plan going forward" to find a job and get help. Martin asked the trial court to defer sentencing so he would have an "opportunity" to "put this plan into place."

The Commonwealth argued that since 2013, when Martin "caught a break" with the suspension of his sentences, he had violated probation multiple times and did not take advantage of opportunities to get "recovery." The Commonwealth argued for a sentence within the discretionary sentencing guidelines.[2]

In allocution, Martin emphasized that he had admitted that he did not follow the probation officer's directions, even though he had "documentation that legally excused [him] from missing classes." He also emphasized that this was his "first technical violation" that was not accompanied by "any new convictions."

After argument by counsel, the trial court found that Martin had violated probation on numerous occasions and chose to do whatever he "want[ed] to do and worr[ied] about the

---

[2] The discretionary sentencing guidelines noted that the violations alleged were third or subsequent "technical violations" and recommended between one year and four years' incarceration.

consequences later." The trial court found that Martin had been convicted of multiple charges, including contempt of court, failure to appear, eluding, and driving on a suspended license, and had not completed drug court as ordered. The trial court also emphasized that the present violation was Martin's fourth in connection with the 2013 convictions. The trial court acknowledged that Vann had Martin's "best interest at heart" and that the substance abuse program Vann wanted Martin to enroll in could be helpful if Martin "want[ed] to apply [him]self." The trial court also acknowledged that Vann and Martin wanted to "go to counseling" together, Martin wanted to get his driver's license, and he claimed to have "a plan" to "turn [his] life around." The trial court also acknowledged that Martin had completed a treatment program in 2019 but found that there were significant differences between that program and a true substance abuse program. By order of March 9, 2022, the trial court found that Martin had violated the conditions of probation, revoked four years of the previously suspended sentences, resuspended the remaining twelve months on the same conditions, and ended Martin's supervised probation.

On March 2, 2022, Martin moved under Code § 19.2-296 to "withdraw his guilty plea" to avoid "manifest injustice." Martin asserted that he had valid medical reasons for missing the three treatment program sessions and two drug screenings and that the drug program he completed while incarcerated should have been credited by the trial court. He denied that he had used drugs as indicated by the two positive drug tests and asserted that he had asked for retests.

At a hearing on Martin's motion, Martin argued that he "would have had a chance" of prevailing at the revocation hearing had he not admitted to violating the conditions of probation. The Commonwealth argued that Martin had not shown that "manifest injustice" occurred. After argument by counsel, the trial court found that Martin's admission that he violated the conditions of probation was supported by "ample evidence." The trial court found that Martin had not demonstrated manifest injustice and accordingly denied the motion.

Martin moved for reconsideration of the trial court's denial of his motion to withdraw his guilty plea, which the trial court denied without a hearing. Martin filed another motion for reconsideration, which the trial court denied without a hearing. Martin appeals.

STANDARD OF REVIEW

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). In a revocation appeal, the trial court's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." *Green*, 75 Va. App. at 76 (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

ANALYSIS

I. Martin's Mitigating Evidence

Martin argues that the trial court "failed to consider relevant mitigating factors that should have been given significant weight." He points to his efforts to address his substance abuse problems, including "completing a substance abuse treatment course" and a "drug and alcohol awareness class" while incarcerated, emphasizing that he thought those courses satisfied his obligation to get treatment and that he "arranged" "for additional treatment" after his release. Martin also asserts that the trial court should have "given more weight" to the "strong support system" provided by Cross and Vann. He asserts that they "made significant efforts to assure" the trial court that Martin would be able to "address his mental health needs," "become employed," and "have a stable living situation" if he were released.

"If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or

any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.* Martin does not contend that the trial court did not have sufficient cause to revoke his suspended sentences. Indeed, he admitted that he did not appear for two "color code" drug screens and was unsuccessfully discharged from the substance abuse program, violating Condition 6 and a special condition, as alleged in the major violation report. Martin also admitted that he tested positive for cocaine while on probation as alleged in the major violation report. Rather, Martin argues that the trial court abused its discretion because the trial court failed to consider or give proper weight to his mitigating evidence.

As relevant to Martin's claim, Code § 19.2-306(C) provides that "[t]he court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." Thus, it was within the trial court's discretion to impose or suspend "all or any part" of the previously suspended sentences. *Id.*

It was equally within the trial court's purview to weigh any mitigating factors Martin presented, such as his completion of substance abuse programs while incarcerated and arrangements to enroll in another course after release, his relationship with his mother, and that he wanted to get his driver's license to help find employment. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Despite Martin's argument to the contrary, the record demonstrates that the trial court considered these factors before fashioning an appropriate sentence.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740

(2007). Martin disregarded the conditions of probation on numerous occasions. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Evidence supports the conclusion that Martin failed to make productive use of the grace that had been extended to him.

Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 322 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").[3]

## II. Withdrawal of "Guilty Plea"

Martin next contends that the trial court erred by not allowing him to "withdraw his guilty plea" because he "provided more than adequate proof of his innocence or lack of criminal offense to some of the allegations."[4]

---

[3] Martin also implicitly invites us to review his sentence for proportionality. This Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

[4] In his reply brief, Martin also asks for review of the trial court's denial of his motion for reconsideration of the sentence. We are "limited to reviewing the assignments of error presented by the litigant," *Banks v. Commonwealth*, 67 Va. App. 273, 289 (2017), and cannot "consider issues touched upon by the appellant's argument but not encompassed by his assignment of error," *id.* at 290. Martin's assignments of error do not address the trial court's denial of his motion to reconsider the sentence, and therefore we do not consider his argument.

During the revocation hearing and the hearing on Martin's motion to withdraw his "guilty plea," both the trial court and the parties used the terminology of Martin "pleading guilty" to the probation violations. It is well-established, however, that "[a]lthough a probation revocation hearing is a criminal proceeding, it is not 'a stage of a criminal prosecution.'" *Alsberry*, 39 Va. App. at 318 (quoting *Green v. Commonwealth*, 263 Va. 191, 195 (2002)). "Likewise, '[a] probation violation is not itself a criminal conviction.'" *Id.* (alteration in original) (quoting *Merritt v. Commonwealth*, 32 Va. App. 506, 509 (2000), *overruled on other grounds by Jaccard v. Commonwealth*, 268 Va. 56 (2004)). Therefore, although the trial court asked whether he wanted to "plead" "[g]uilty or not guilty," Martin's reply of "Guilty" admitted that he violated the conditions of probation as alleged in the major violation report. *See, e.g.*, *Jacobs*, 61 Va. App. at 532 ("Appellant admitted the violation, and [the judge] revoked ninety days of appellant's previously suspended sentence . . . .").

Here, the record demonstrates that Martin presented after-the-fact evidence of a medical reason for two of the unexcused absences but provided no explanation for his absence on November 9, 2021, or his failure to report for the "color code" drug screen on the same day. Additionally, Martin admitted that he tested positive for cocaine on September 23, 2021, and claimed that this "relapse" made him realize he "needed" treatment. He explained his positive test for cocaine on October 26, 2021, by claiming that the symptoms of COVID-19 made him "turn[] to drugs." This testimony admitted drug use which refuted his post-hearing claim denying the drug use indicated by the two positive drug tests.

Thus, there was ample evidence to support the trial court's finding that Martin violated the conditions of probation and the trial court did not abuse its discretion by denying his motion to

withdraw his "guilty plea."[5]  Accordingly, even assuming without deciding that the trial court had

continuing jurisdiction[6] over Martin's motions to withdraw his "guilty plea," the trial court did not

err by denying the motions.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

---

[5] "[T]his Court may affirm the judgment of a circuit court if first, the circuit court arrived at the 'right result' but relied on different reasoning, and second, the appellate analysis is largely legal and does not require additional factual findings." *Esposito v. Va. State Police*, 74 Va. App. 130, 134 (2022).  The trial court denied Martin's motion after finding that Martin had not demonstrated that denying the motion would result in "manifest injustice" under Code § 19.2-296, which allows the withdrawal of a guilty plea within 21 days of the entry of a final order "to correct manifest injustice."  Regardless of the terminology used by the trial court and the parties, there was no guilty plea for Martin to withdraw because a probation violation is not a conviction. *Alsberry*, 39 Va. App. at 318.

[6] On March 8, 2022, the trial court orally denied Martin's motion to withdraw his guilty plea but did not enter an order until April 5, 2022, more than 21 days after entry of the March 9, 2022 final order.  By order of March 28, 2022, 19 days after entry of the final order, the trial court denied without a hearing Martin's March 28, 2022 motion for reconsideration of the March 8, 2022 ruling.  Martin filed a final motion for reconsideration on April 5, 2022, which the trial court denied by order of April 15, 2022, more than 21 days after entry of the final order. *See* Rule 1:1(a) ("All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.").