COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Powell and Senior Judge Annunziata
Argued by teleconference


ANNA G. GIANARIS
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2379-09-4                      JUDGE LARRY G. ELDER
                                                         JULY 6, 2010
JOHN P. GIANARIS


                   FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                                  J. Martin Bass, Judge

             Joseph A. Vance, IV, for appellant.

             John A. Mell (Mell & Frost, PC, on brief), for appellee.


        Anna G. Gianaris (wife) appeals from a circuit court (trial court) decision dismissing with

prejudice her 2007 motion for judgment for past due spousal support.  She alleged in her motion

for judgment that her former spouse, John P. Gianaris (husband), owed her spousal support

pursuant to the parties' property settlement agreement (the agreement).  The agreement was

affirmed, ratified, and incorporated into the final decree of divorce, but the decree was silent

regarding whether the agreement was merged into the decree.  On appeal, wife contends the trial

court erred in concluding its 2003 ruling granting husband's petition to terminate spousal support

owed pursuant to the final decree of divorce precluded her from proceeding in this 2007 contract

action to enforce the identical spousal support terms contained in the parties' agreement.

Husband contends wife's appeal is not properly before this Court because it involves a contract

matter, over which this court has no jurisdiction, rather than an appeal of a domestic relations

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

matter, over which this Court does have appellate jurisdiction. We conclude appellate jurisdiction properly lies in this Court and that *res judicata* bars wife's claim. Thus, we affirm.

I.

BACKGROUND

The parties were married in 1970, separated in 1989, and entered into a property settlement agreement that same year. The agreement provided husband would pay wife monthly spousal support that would terminate upon wife's remarriage or death. The agreement also provided that the parties would have the agreement "ratified, affirmed and incorporated in and made an enforceable part of any decree or order entered" in their divorce. In 1994, the trial court entered a final decree of divorce that "affirmed, ratified, and incorporated [the agreement] by reference." The decree did not indicate whether the agreement was merged into it. Wife's attorney endorsed the decree without objection.

In 1999, husband filed a petition to terminate support. He alleged wife "ha[d] been habitually cohabiting with another person in a relationship analogous to a marriage for more than one year on or after July 1, 1997," and that the agreement contained "no provision . . . that would allow spousal support to continue after [such] cohabitation." Thus, he argued, Code § 20-109 entitled him to have the court terminate his duty to pay support. That code section provides that a court may terminate support upon clear and convincing evidence that the spouse receiving support has habitually cohabitated in a relationship analogous to a marriage for one year or more commencing on or after July 1, 1997, "unless (i) otherwise provided for by stipulation or contract or (ii) the spouse receiving support proves by a preponderance of the evidence that termination of such support would constitute manifest injustice." The trial court ruled spousal support would be terminated because the property settlement agreement was "affirmed, ratified and incorporated" into the final decree and that, per Code § 20-109, wife's cohabitation in a

- 2 -

relationship analogous to marriage brought about the same result as remarriage itself—termination of husband's obligation of support. Wife did not appeal that ruling to this Court, and husband ceased paying support.

On May 2, 2007, counsel for wife filed a document styled "Motion for Judgment" in the trial court. She noted in her motion the parties' agreement that was "affirmed, ratified, and incorporated by reference" into the final decree of divorce and husband's obligation thereunder to pay her monthly support except in the event of death or remarriage. She averred that despite the fact that she had not died or remarried, husband had failed to make any payments of spousal support since July 1999. She sought arrearages, interest, attorney's fees and costs.

Husband demurred, contending the agreement was merged into the decree and that, as a result, wife could seek to have it enforced only as part of the decree. Husband also filed an answer and a plea in bar, alleging the trial court had terminated the award of support based on wife's cohabitation and attaching a copy of the termination order. He pleaded four affirmative defenses, including *res judicata* and collateral estoppel.

The trial court rejected husband's claim of merger, ruling wife "is not precluded from pursuing a contract action," and denied the demurrer. After hearing evidence and argument on wife's motion for judgment, the trial court ruled in husband's favor, concluding that the same parties were involved and the same spousal support obligation contained in the parties' 1989 agreement was at issue in both the 1999 and the 2007 proceedings and that the trial court had authority to entertain the petition on *de novo* appeal and to enter final judgment. It concluded that even if case decisions issued subsequent to the earlier ruling on husband's 1999 motion to terminate established the trial court erred in holding the language in Code § 20-109 applied to permit termination of spousal support based on wife's cohabitation, wife did not appeal that ruling to this Court, and the judgment became final for purposes of *res judicata*. Because

- 3 -

husband was not in default under the contract, the trial court found wife was not entitled to fees under the agreement. The trial court dismissed wife's motion for judgment with prejudice.

Wife noted the instant appeal.

## II.

## ANALYSIS

## A.

## OUR JURISDICTION TO CONSIDER THIS APPEAL

In pertinent part, Code § 17.1-405 provides as follows:

> Any aggrieved party may appeal to the Court of Appeals from:
>
> *    *    *    *    *    *    *
>
> 3.  Any final judgment, order, or decree of a circuit court involving:
>
> a.  Affirmance or annulment of a marriage;
>
> b.  Divorce;
>
> c.  Custody;
>
> d.  Spousal or child support;
>
> e.  The control or disposition of a child; [or]
>
> f.  Any other domestic relations matter arising under Title 16.1 or Title 20 . . . .

Interpreting the statute in <u>Bullis v. Bullis</u>, 22 Va. App. 24, 31, 467 S.E.2d 830, 834 (1996), we noted that "[a]lthough th[e] action [at issue there] was instituted in the circuit court for the purpose of domesticating and enforcing a judgment of another state, the subject matter of the underlying issue involved a domestic relations matter." We concluded, based on earlier decisions, that "jurisdiction over an appeal from a final judgment must be based upon an assessment of *the underlying cause*." <u>Id.</u> (emphasis added).

- 4 -

Our Supreme Court applied similar principles to a case involving a separation agreement, indicating jurisdiction over the appeal of that matter properly lay in this Court. In Samuel v. Samuel, No. 011946 (Va. Sept. 20, 2001), divorcing spouses entered into a property settlement agreement in which the husband agreed to pay the wife certain monies on a weekly basis. See Green v. Commonwealth, 37 Va. App. 92, 94 n.2, 554 S.E.2d 108, 109 n.2 (2001) (*en banc*), rev'd on other grounds, 263 Va. 191, 557 S.E.2d 230 (2002). A final decree in the Samuels' divorce case was entered in 1998, and in 2001, the wife filed a motion for judgment seeking damages for the husband's alleged breach of the agreement. See id. The circuit court found for husband, and when wife appealed to the Supreme Court, that Court transferred the appeal to this Court "in a one-sentence order," stating as follows: "'Pursuant to Code § 8.01-677.1, it is ordered that this case be and hereby is transferred to the Court of Appeals of Virginia.'" Id.

In keeping with our prior decisions in this area and the Supreme Court's transfer order in Samuel, we conclude jurisdiction over wife's appeal in this case also properly lies in this Court.

B.

PRESENT ENFORCEABILITY OF THE PROPERTY SETTLEMENT AGREEMENT

The trial court concluded wife's present action on the contract is barred by *res judicata*. Husband argues, in addition, that the contract merged into the decree and may no longer be enforced in a contract action, obviating the need to reach the *res judicata* issue. Wife contends that even if the contract was merged, it remains enforceable in a separate contract action such as this one. We conclude that we need not decide whether the agreement merged into the decree such that it was enforceable only through that instrument because, even assuming the agreement maintained an existence separate from the divorce decree such that its terms were enforceable in contract, the present cause of action is barred by *res judicata*.

- 5 -

The trial court discussed *res judicata* and collateral estoppel and ruled "[t]he [spousal support] issue between these parties is a matter adjudged." Settled principles provide that the term *res judicata* actually "encompasses four preclusive effects, each conceptually distinct, which [include] . . . [*res judicata*-]bar, and collateral estoppel." Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974). *Res judicata*-bar, commonly referred to as simply *res judicata*, provides that "[a] valid, personal judgment on the merits . . . bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies." Id. at 670-71, 202 S.E.2d at 920-21 (footnote omitted). Collateral estoppel "is the preclusive effect . . . based upon a collateral and *different cause of action*, . . . [in which] the parties to the first action and their privies are precluded from litigating any issue of fact [or law] actually litigated and essential to a valid and final personal judgment in the first action." Id. at 671, 202 S.E.2d at 921 (footnote omitted). Where the issue in the prior proceeding was actually litigated and the parties are the same, the preclusive effect of the doctrines of *res judicata* and collateral estoppel operates in the same basic fashion.[1] Finally,

> "[a] judgment on the merits, fairly rendered, by a court of competent jurisdiction, having cognizance both of the parties and the subject matter, *however erroneous it may be*, is conclusive on the parties and their privies until reversed or set aside in a direct proceeding for that purpose and is not amenable to collateral attack."

Storm v. Nationwide Mut. Ins. Co., 199 Va. 130, 133, 97 S.E.2d 759, 761 (1957) (quoting 8 Michie's Jurisprudence, Former Adjudication § 10 (emphasis added)).

---

[1] The Supreme Court has recognized that even where the fact of preclusion is clear, which type of *res judicata* supports that preclusion may not be clear. Bates, 214 Va. at 672 & n.8, 202 S.E.2d at 921-22 & n.8 (making this observation in the context of attempting to distinguish between a cause of action, for purposes of *res judicata*-bar, which usually comprises several issues, and a single issue, for purposes of estoppel).

Here, at husband's instigation, he and wife previously litigated the issue of whether he had an ongoing duty to pay spousal support to wife. Husband filed a petition to terminate his spousal support obligation under the agreement, as incorporated into the decree, arguing the amendments to Code § 20-109 permitted that termination. The trial court granted the petition and terminated husband's support obligation. Whether or not the trial court's ruling was correct, wife did not challenge that ruling on appeal, and it became a valid final judgment on the merits of the issue of whether husband owed wife support under the agreement. We agree with the trial court's ruling that whether husband had an ongoing duty to pay spousal support was "a matter adjudged" and that wife could not relitigate this issue. Even assuming the parties' agreement maintained a separate existence from the decree, as wife avers, the trial court concluded in a prior proceeding involving the same parties that husband no longer owed wife spousal support pursuant to that agreement, and wife did not appeal that determination.

### III.

For these reasons, we conclude appellate jurisdiction properly lies in this Court. We hold further that *res judicata* bars wife's present claim on the agreement. Thus, we affirm.[2]

Affirmed.

---

[2] Because we affirm the decision that wife is not entitled to spousal support under the agreement, we decline wife's request to remand with instructions to the trial court to determine the amount of attorney's fees owed to wife under the agreement.