COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and Russell*

JUSTIN MICHAEL KELLEY

v.      Record No. 1313-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
JULY 12, 2022

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Meghan Shapiro, Senior Assistant Public Defender, Virginia
Indigent Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee.


Justin Michael Kelley (appellant) appeals from the decision of the trial court revoking his

previously suspended sentences. Appellant contends that his four-year active sentence is

"arbitrary." Appellant also alleges that the trial court lacked jurisdiction to revoke his suspended

sentences because the period of suspension and supervision for the underlying convictions had

expired. After examining the briefs and record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code

§17.1-403(ii)(a); Rule 5A:27(a). We affirm the decision of the trial court.

BACKGROUND

"On appeal of the revocation of a suspended sentence, the appellate court reviews the

evidence in the light most favorable to the Commonwealth, the party who prevailed below."

---

* Justice Russell participated in the decision of this case prior to his investiture as a
Justice of the Supreme Court of Virginia.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

*Jenkins v. Commonwealth*, 71 Va. App. 334, 339 n.2 (2019) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

In 2009, the trial court sentenced appellant to four years' imprisonment, with four years suspended, following his conviction for possession of marijuana with intent to distribute. The trial court also imposed conditions of three years of supervised probation and three years of good behavior.

In 2010, appellant pleaded guilty to two counts of grand larceny and one count of larceny with intent to distribute. The trial court sentenced appellant to five years' imprisonment with four years suspended on the first count of grand larceny, five years' imprisonment with four years and six months suspended on the second count of grand larceny, and two years' imprisonment with two years suspended on the larceny with intent to distribute count. The trial court imposed probation "[f]or an indeterminate period, a minimum of four (4) years supervised, to be released thereafter in the discretion of the *Probation Officer* upon successful completion of the terms of probation." (Emphasis in original).

During a hearing on the same day, appellant pleaded guilty to violating the terms of his probation from his 2009 conviction. The trial court revoked the previously suspended four years' imprisonment and resuspended three years and six months. The trial court conditioned the suspended sentence "on the same conditions as contained in the previous sentencing order," and extended the good behavior period for one year.

In 2019, appellant pleaded guilty to two counts of aggravated possession of drugs in Ohio. Due to these convictions, appellant's probation officer requested a capias, which the trial court issued on May 1, 2019. Appellant stipulated that he violated Condition 1 of his probation. The trial court revoked appellant's previously suspended sentences totaling thirteen years and twelve months

and resuspended the entire amount.[1]  The trial court sentenced appellant to five years' probation and imposed "the same conditions as contained in the previous sentencing order."

In 2021, the probation officer filed a major violation report, alleging appellant violated a number of the conditions of his probation, and requested that the trial court issue a capias.  The probation officer stated that appellant did not report by phone as required, failed to provide a valid phone number or address, and absconded from supervision.  The probation officer submitted an addendum, stating that appellant violated his probation for new convictions of driving on a suspended license, contempt of court, and failing to obey a traffic signal.  The probation officer also reported that appellant had twenty probation violations and a larceny of a firearm charge pending in two separate jurisdictions, and twenty-three pending charges in the City of Portsmouth General District Court.  The probation officer submitted two subsequent addendums, reporting that appellant had been convicted of petit larceny, grand larceny, and probation violation and still had revocation hearings pending in another jurisdiction.

At the revocation hearing on October 12, 2021, appellant stipulated to violating conditions of his probation, as alleged by the probation officer.  Stephanie McConnaughey, appellant's girlfriend, testified that appellant began exhibiting signs of substance abuse at the end of 2020 and he wanted to seek treatment.  McConnaughey informed the trial court that she had identified several treatment options for appellant upon his release from imprisonment.  The trial court also accepted a proffer that appellant had a job "waiting for him" with his previous employer.

The discretionary sentencing guidelines set a recommended sentencing range of eight months to two years' imprisonment.  The Commonwealth advocated for a sentence less than the

---

[1] The trial court's calculation consisted of appellant's suspended sentences from his marijuana possession with intent to distribute conviction in 2009, his two grand larceny and larceny with intent to distribute convictions in 2010, and his probation violation in 2010.

two years recommended maximum, but more than the eight-month minimum. The Commonwealth provided the trial court with appellant's criminal history, showing twenty-eight felony convictions. Appellant requested a sentence at the low end or in the middle of the sentencing guidelines range, "given that he [was] looking for help" for the "substance abuse problems that led to these underlying larcenies."

Upon conclusion of the arguments, the trial court found that appellant violated the conditions of his probation. The trial court revoked appellant's previously suspended sentences totaling thirteen years and twelve months, resuspended nine years and twelve months, and sentenced appellant to a total active term of four years' imprisonment. In imposing the sentences, the trial court highlighted appellant's substance abuse issues and criminal history. The trial court explained in writing the reason for its departure from the guidelines as "28 prior felony convictions. New condition 1 violation, GL, PL, contempt, susp DL, PV in two diff. juris. Guidelines too low."

ANALYSIS

Jurisdiction

From the outset, appellant seeks to collaterally challenge the trial court's 2019 revocation of the suspended sentences from his 2009 marijuana conviction and 2010 larceny convictions. Appellant asserts that the probation period had expired by 2019, thereby divesting the trial court of jurisdiction to impose the suspended sentences, and that this lack of jurisdiction continued to the present action. Appellant acknowledges that he did not raise this objection at the 2019 revocation hearing or the revocation hearing that is subject to this case, but alleges that the 2019 judgment was void *ab initio* and could be considered by this Court. Alternatively, appellant asks this Court to apply the ends of justice exception.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Accordingly, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). "Rule 5A:18 applies to bar even constitutional claims." *Id.* (quoting *Ohree*, 26 Va. App. at 308). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)); *Brown v. Commonwealth*, 279 Va. 210, 217 (2010). "Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Bethea*, 297 Va. at 743.

Appellant first asserts that "[t]he trial court erred by revoking a suspended sentence on an underlying marijuana conviction, when the period of suspension and supervision for that conviction had expired." As appellant notes, the trial court convicted him of possession of marijuana with intent to distribute and sentenced him to four years' imprisonment, all suspended, conditioned on three years' supervised probation, and three years' good behavior. The trial court extended appellant's good behavior period by one year following his guilty plea to the probation violation in 2011. Appellant argues that the trial court "lost jurisdiction and authority over this cause in 2015 at the latest."

Appellant also challenges the revocation of his suspended sentence following his guilty pleas to two counts of grand larceny and one count of larceny with intent to distribute, for which the trial court sentenced him to a total of twelve years' imprisonment, with ten years and six months suspended. The trial court imposed probation "[f]or an indeterminate period, a minimum of four

(4) years supervised, to be released thereafter in the discretion of the *Probation Officer* upon successful completion of the terms of probation." (Emphasis in original). Appellant asserts that "[t]his was an improper delegation of judicial authority to an executive agency," as the trial court "attempted to delegate to the probation officer the discretion to set the length of [appellant's] supervisory sentence, and to assess completion of his supervision terms." Appellant makes clear that he does not allege that this "unlawful delegation" voids the sentencing order but contends "it does limit its enforcement to the specific length of probation the [trial] [c]ourt did order," specifically four years. Therefore, appellant states that his "period of probation for these offenses ended in 2015." Based on these errors, appellant claims that the trial court's "2019 conviction, revocation order, and sentence are all void *ab initio* [. . .] due to jurisdictional defect." Appellant concludes that it follows that the trial court's 2021 revocation of the marijuana and larceny suspended sentences is also void *ab initio* because the trial court lacked jurisdiction.

The Supreme Court has explained that "'whether an alleged error by a trial court renders its order void *ab initio* or merely voidable turns on the subtle, but crucial, distinction deeply embedded in Virginia law' between two very different but semantically similar concepts: subject matter jurisdiction and, for lack of a better expression, active jurisdiction." *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019) (quoting *Jones v. Commonwealth*, 293 Va. 29, 46 (2017)). "Subject matter jurisdiction 'refers to a court's power to adjudicate a class of cases or controversies[.]'" *Riddick v. Commonwealth*, 72 Va. App. 132, 141 (2020) (alteration in original) (quoting *Cilwa*, 298 Va. at 266).

"The subject matter jurisdiction of circuit courts is 'entirely prescribed by statute.'" *Id.* at 143-44 (quoting *Kelley v. Stamos*, 285 Va. 68, 75 (2013)). It "can only be acquired by virtue of the Constitution or of some statute. Neither the consent of the parties, nor waiver, nor acquiescence can confer it." *Pure Presbyterian Church of Washington v. Grace of God*

- 6 -

*Presbyterian Church*, 296 Va. 42, 49 (2018) (quoting *Humphreys v. Commonwealth*, 186 Va. 765, 772-73 (1947)).

"'[A]ctive jurisdiction'—pragmatically called the 'jurisdiction to err'—involves not the power of the court but the proper exercise of its authority[.]" *Cilwa*, 298 Va. at 266 (footnote omitted) (quoting *Farant Inv. Corp. v. Francis*, 138 Va. 141, 427 (1924)). Unlike defects in subject matter jurisdiction, defects in active jurisdiction can be waived and cannot be collaterally attacked. *Id.* at 270-71. "Accordingly, a claim that a court lacks active jurisdiction cannot be raised for the first time on appeal and is subject to the contemporaneous objection rule." *Riddick*, 72 Va. App. at 143.

Because "[a] Virginia court's 'jurisdiction to revoke a convict's probation and suspension of sentence is part of [the] criminal process,'" the trial court possessed subject matter jurisdiction to revoke appellant's suspended sentence. *Cilwa*, 298 Va. at 267 (second alteration in original) (quoting *Green v. Commonwealth*, 263 Va. 191, 194 (2002)). Therefore, in the present case, the trial court had subject matter jurisdiction to revoke appellant's suspended sentences at the 2019 revocation hearing, and appellant's challenge to the court's revocation of his previously suspended sentence outside of the four-year probation is a challenge to active jurisdiction and is thus not subject to a collateral attack. *Id.* at 270-71 (citation omitted); *see also Riddick*, 72 Va. App. at 143.

Appellant argues even if this error could be waived, the ends of justice requires this Court to review his claims. "'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the

ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). Further, "[i]n order to avail oneself of the exception, [appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." *Holt*, 66 Va. App. at 210 (quoting *Redman*, 25 Va. App. at 221).

Here, appellant raises his arguments for the first time on appeal. At the 2019 hearing, appellant was given the opportunity to offer a statement to the trial court and to show cause as to why the sentences should not be revoked. Moreover, appellant received a benefit of the trial court's decision to suspend the entire thirteen-years-and-twelve-months sentence. Likewise, at the hearing in the present action, appellant was given the opportunity to present evidence, give a statement, and provide argument; appellant focused solely on his desire to receive substance abuse treatment. Because appellant waived any objections to the court's authority at that time, and accepted the benefits offered by the court, he has not shown that a miscarriage of justice has occurred. Therefore, appellant's arguments are barred by Rule 5A:18.

Sentence

Appellant also argues that the trial court abused its discretion when it sentenced him to a total of four years of active incarceration. After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

- 8 -

Appellant contends that his sentence is "arbitrary" because the trial court did not sufficiently explain its reasoning for the four-year sentence. Appellant also asserts that the trial court failed to consider a number of mitigating circumstances, including the "minor nature" of his initial criminal conduct, the age of his convictions, or the fact that appellant had received an eighteen-month sentence on his new convictions. Appellant also emphasizes his desire for substance abuse treatment.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). By continuing to disregard the terms of his suspended sentences, appellant demonstrated that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to him.

At the hearing, appellant conceded numerous probation violations and a history of substance abuse. The Commonwealth offered into evidence appellant's lengthy criminal history.[2] At the revocation hearing, the trial court heard testimony regarding appellant's family circumstances and employment history, as well as his desire to seek treatment for substance abuse. It was within the trial court's purview to weigh any mitigating factors appellant presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record establishes that the trial court had sufficient

---

[2] On appeal, appellant argues that the exhibit was "far worse than his actual criminal history" because it contained duplicate entries and "a cluster of felony charges designated 'disposition not received.'" Appellant, however, did not challenge the Commonwealth's admission of his criminal history report and has thus waived any challenge to the exhibit on appeal. *See* Rule 5A:18.

cause to revoke appellant's suspended sentences.  To the extent that appellant argues that the trial court should have followed the discretionary guidelines for sentencing, we find that the guidelines "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." *Belcher v. Commonwealth*, 17 Va. App. 44, 45 (1993). Accordingly, we hold that the sentences the trial court imposed represent a proper exercise of discretion.

Although appellant argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011).  We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id*. at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Accordingly, we find no abuse of discretion with the trial court's sentencing decision.

## CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*